U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVEN WOLBERG,
    PLAINTIFF

VS.

MTD PRODUCTS INC.
    DEFENDANT

CIVIL ACTION NO.:

## NOTICE OF REMOVAL

The Defendant, MTD Products Inc., through its attorney, Eugene F. Nowell, respectfully states upon information and belief:

1. On or about April 28, 2004, the defendant received the Summons and Complaint in this action which is currently pending in Commonwealth of Massachusetts, Middlesex Superior Court. A copy of the Summons, Complaint and Civil Action Cover Sheet are annexed hereto as Exhibit A. The Summons and Complaint constitute the prior pleadings to date.

2. The Plaintiff Steven Wolberg alleges he sustained injuries to his left hand on December 26, 2002 due to the defective nature of a product, a snow thrower, manufactured by the Defendant.

3. The Defendant MTD Products Inc. is a Delaware corporation whose principal place of business is in Valley City, Ohio.

4. The Defendant is removing this action on the basis of diversity of citizenship and amount in controversy and in accordance with 28 U.S.C. §1332 and 1448. Sufficient amount in controversy exists as the Plaintiff claims to have suffered a partial amputation of one finger and to have incurred $82,593 in medical expenses.

WHEREFORE, the Defendant MTD Products Inc. respectfully requests that the action now pending in the Middlesex Superior Court be removed therefore to this Court.

By its attorneys,
CURLEY & CURLEY, P.C.

_____
Eugene F. Nowell
BBO #374860
27 School Street
Boston, MA 02108
(617) 523-2950

## CERTIFICATE OF SERVICE

I, Eugene F. Nowell, attorney for the Defendant hereby certify that I served a true and correct copy of the above pleading by mailing postage prepaid to Peter J. Schneider, Esquire, Cooley Manion Jones, LLP, 21 Custom House Street, Boston, MA 021110.

_____
Eugene F. Nowell

Date: 5/5/04

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-1593

STEVEN WOLBERG, Plaintiff(s)

v.

MTD PRODUCTS, INC., Defendant(s)

### SUMMONS

To the above-named Defendant: MTD Products, Inc.

You are hereby summoned and required to serve upon Peter J. Schneider, Esq. COOLEY MANION JONES LLP, plaintiff's attorney, whose address is 21 Custom House St. Boston, MA 02110, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Cambridge either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston the 16th day of April in the year of our Lord 2004

*Edward J. Sullivan*
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..................................................................................
20.........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..................................................................................................................................
..................................................................................................................................
..................................................................................................................................
..................................................................................................................................

Dated: ..................................................................................

**N.B. TO PROCESS SERVER:**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( _____ )
( _____ )
( _____ )

COMMONWEALTH OF MASSACHUSETTS
MIDDLESEX, ss.
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION
No. 04-1593

STEVEN WOLBERG ................................., Pltf.
v.
MTD PRODUCTS, INC. ................................., Deft.

SUMMONS
(Mass. R. Civ. P. 4)

| CIVIL ACTION COVER SHEET | 04-1593 | Superior Court Department County: MIDDLESEX |
|---|---|---|

| PLAINTIFF(S) STEVEN WOLBERG | DEFENDANT(S) MTD PRODUCTS, INC. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Patrick T. Jones, Esq. (253960) COOLEY MANION JONES LLP 21 Custom House Street, Boston MA 02110 Board of Bar Overseers number: (617-737-3100) | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Product Liability | ( F ) | ( X ) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $ 57,403.00
2. Total Doctor expenses .................................................. $ 25,287.00
3. Total chiropractic expenses ........................................... $
4. Total physical therapy expenses ....................................... $
5. Total other expenses (describe) ....................................... $ unknown
   .................................................................................................. $
                                                                                      Subtotal $ 82,593.00
B. Documented lost wages and compensation to date ............... $ unknown
C. Documented property damages to date ............................ $
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages ................................. $ substantial
F. Other documented items of damages (describe) ................. $ unknown
                                                                                      $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   As a direct and proximate result of defendant's failure, plaintiff
   suffered a partial amputation of one finger and the crushing of the bones in
   the remainder of his hand. He has endured great pain and suffering and will
   be permanently impaired.                                                           $
                                                                                      TOTAL $ 82,593.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $ ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 4/8/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# CIVIL ACTION COVER SHEET
## INSTRUCTIONS

### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| CONTRACT | | | REAL PROPERTY | | | MISCELLANEOUS | | |
|---|---|---|---|---|---|---|---|---|
| A01 | Services, labor and materials | (F) | C01 | Land taking (eminent domain) | (F) | E02 | Appeal from administrative Agency G.L. c. 30A | (X) |
| A02 | Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L. c.40A | (F) | E03 | Action against Commonwealth Municipality, G.L. c.258 | (A) |
| A03 | Commercial Paper | (F) | C03 | Dispute concerning title | (F) | E05 | All Arbitration | (X) |
| A08 | Sale or lease of real estate | (F) | C04 | Foreclosure of mortgage | (X) | E07 | c.112,s.12S (Mary Moe) | (X) |
| A12 | Construction Dispute | (A) | C05 | Condominium lien and charges | (X) | E08 | Appointment of Receiver | (X) |
| A99 | Other (Specify) | (F) | C99 | Other (Specify) | (F) | E09 | General contractor bond, G.L. c.149,s.29,29a | (A) |
| **TORT** | | | **EQUITABLE REMEDIES** | | | E11 | Workman's Compensation | (X) |
| B03 | Motor Vehicle negligence- personal injury/property damage | (F) | D01 | Specific performance of contract | (A) | E14 | Chapter 123A Petition-SDP | (X) |
| B04 | Other negligence-personal injury/property damage | (F) | D02 | Reach and Apply | (F) | E15 | Abuse Petition, G.L.c.209A | (X) |
| B05 | Products Liability | (A) | D06 | Contribution or Indemnification | (F) | E16 | Auto Surcharge Appeal | (X) |
| B06 | Malpractice-medical | (A) | D07 | Imposition of Trust | (A) | E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| B07 | Malpractice-other(Specify) | (A) | D08 | Minority Stockholder's Suit | (A) | E18 | Foreign Discovery proceeding | (X) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) | D10 | Accounting | (A) | E96 | Prisoner Cases | (F) |
| B15 | Defamation (Libel-Slander) | (A) | D12 | Dissolution of Partnership | (F) | E97 | Prisoner Habeas Corpus | (X) |
| B19 | Asbestos | (A) | D13 | Declaratory Judgment G.L.c.231A | (A) | E99 | Other (Specify) | (X) |
| B20 | Personal Injury-Slip&Fall | (F) | D99 | Other (Specify) | (F) | | | |
| B21 | Environmental | (A) | | | | | | |
| B22 | Employment Discrimination | (F) | | | | | | |
| B99 | Other (Specify) | (F) | | | | | | |

### TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes  ☐ No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ,SS.                                         SUPERIOR COURT

STEVEN WOLBERG,
Plaintiff,

v.

MTD PRODUCTS, INC.
Defendant.

CIVIL ACTION
NO.: 04-1593

## COMPLAINT AND JURY DEMAND

1. Plaintiff Steven Wolberg is an individual and a resident of Middlesex County, Commonwealth of Massachusetts.

2. Defendant MTD Products, Inc. is, information and belief, a corporation with a principal place of business in Valley City, Ohio and, at all times hereto, manufactured, sold, advertised and distributed a line of products known as "MTD Yard Machines," which included snow throwers.

3. On or about December 6, 2002, Steven Wolberg was operating a MTD snow thrower at his home.

4. After disengaging both impeller and auger clutches, Mr. Wolberg attempted to clear a jam which prevented snow from exiting the chute of the snow thrower. His left hand was caught, trapped, crushed, and severely damaged, requiring surgery and hospitalization.

5. The snow thrower, which was designed, manufactured, distributed and sold by MTD Products, Inc. was defective, and unreasonably dangerous, by virtue of its

design and MTD's failure to adequately warn users of the snow thrower, including Steven Wolberg, of its hazards and proper operation.

6. As a direct and proximate result of MTD's failures, Steven Wolberg suffered a partial amputation of one finger, the crushing of the bones in the remainder of his hand, endured great pain and suffering, and will endure pain and suffering into the future, has suffered loss of income, loss of the ability to enjoy the activities of daily living, has incurred permanent impairment, hospital bills, surgical bills and therapeutic bills.

7. All of his loss and damage is the direct and proximate result of MTD's failure of design and failure to issue adequate and proper warnings.

### Count I

8. Plaintiff repeats and incorporates by reference herein paragraphs 1 through 7.

9. MTD was careless and negligent in its design of the snow thrower and its failure to warn users of its snow throwers of foreseeable hazards.

### Count II

10. Plaintiff repeats and incorporates by reference herein paragraphs 1 through 9.

11. MTD breached the warranty of merchantability in its failure of proper design and failure to issue proper warnings, rendering the MTD snow thrower defective and unreasonably dangerous.

2

### Count III

12. Plaintiff repeats and incorporates by reference herein paragraphs 1 through 11.

13. MTD's actions constitute a breach of Massachusetts General Laws Chapter 93A.

WHEREFORE, plaintiff demands that judgment enter in his favor and against defendant, that he be awarded a sum sufficient to compensate him for his loss and damage, pre-judgment interest, costs, reasonable attorney's fees and such other and further relief as this Court deems meet and just.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN HIS COMPLAINT.

The Plaintiff,
STEVEN WOLBERG,
By his attorneys,

Patrick T. Jones (BBO# 253960)
Peter J. Schneider (BBO# 446520)
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110
Tel: 617-737-3100
Fax: 617-737-3113

DATED: 4/8/04